(No. 76-2736–

JEANNETTE LEWIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1977.*

GOLDBERG & MURPHY, LTD., by JEROME F. GOLDBERG, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; PAUL M. SINGPIEHL, Assistant Attorney General, for Respondent.

SPIVACK, J.

This matter is before the Court on Claimant's Complaint, Respondent's Motion to Dismiss, Claimant's Response to Respondent's Motion to Dismiss and Respondent's Motion to Strike Claimant's Response.

Since there appears to be no significant dispute as to the facts giving rise to the claim, but only as to the effect of the law applicable to said facts, we are of the

opinion that our ruling on the pending motions is dispositive of the entire matter.

The facts upon which the parties agree are briefly as follows:

Claimant was an employee of the Illinois Department of Mental Health and Developmental Disabilities during the period October 15, 1974, to June 16, 1976. During this period, although her job classification was "Administrative Clerk," she claimed that she was in fact performing services entitling her to the classification "Executive I," a higher paid classification. The director of the Department of Personnel decided this claim adversely to Claimant, and she appealed to the Illinois Civil Service Commission which, on June 16, 1976, reversed the prior adverse ruling and granted her the relief sought in that proceeding. As a result of and in accordance with those proceedings, the Department of Mental Health paid Claimant the sum of One Thousand Seventeen Dollars ($1,017.00), representing the salary difference between the classifications "Administrative Clerk" and "Executive I" for the period fiscal 1975—1976. The Department did not pay Claimant the sum of Five Hundred Fifty-Two Dollars ($552.00) which amount represents the salary difference for the period she was employed during fiscal 1974—1975. This non-payment occurred because the funds appropriated for such purpose had lapsed. Claimant here seeks reimbursement for said sum.

The State argues that Claimant's claim must be denied on two grounds: first, that the Department of Personnel issued a regulation in conformance with the decision of the Civil Service Commission retroactively changing Claimant's position classification as of July 1, 1975 (and not as of October 15, 1974); second, that

Claimant's proper remedy was a review of the Department of Personnel's regulation in the Circuit Court; and, having failed to do that, she is statutorily precluded from maintaining her action here since she did not exhaust all of her remedies.

We do not believe that the intent of the regulation of the Department of Personnel was to limit Claimant's job classification to the period commencing July 1, 1975. On the contrary, we believe that the said regulation was intended simply to give efficacy to the decision of the Civil Service Commission which retroactively changed the classification for the period when Claimant actually performed the services giving rise to the higher classification. Undoubtedly the regulation in question was limited as it was because the Department was aware of the fact that the funds had lapsed. To hold otherwise would be an unequitable distortion of the findings of the Civil Service Commission.

In view of our interpretation of the regulation of the Department of Personnel, it is not necessary to consider the question of Claimant's exhaustion of other remedies.

Claimant, Jeannette Lewis, is therefore awarded the sum of Five Hundred Fifty-Two Dollars ($552.00) less proper deductions on account of taxes, pension and the like.